IN THE UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH CAROLINA

CHARLESTON DIVISION

| | |
|---|---|
| John G. Singletary, Jr., ) | C/A 2:11-0484-RMG-BM |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | |
| ) | **REPORT AND RECOMMENDATION** |
| Wachovia Mortgage Corporation/Wells ) | |
| Fargo, its agents, servants, employees and ) | |
| others collectively and individually, ) | |
| ) | |
| Defendants. ) | |
| _____) | |

This civil action concerns attempts by the Defendant to foreclose on a mortgage. The case has been filed by the Plaintiff,[1] pro se, pursuant to the Fair Housing Act, other federal statutes, as well as pursuant to some state law causes of action. On April 10, 2012, the Defendant filed a motion to dismiss this case for lack of prosecution, stating therein that Plaintiff had refused to testify at his deposition, refused to take any initiative in prosecuting this litigation, and had deliberately proceeded in a dilatory fashion.

---

[1]The caption of the Complaint actually lists two Plaintiffs, John Singletary and Carla Singletary. However, as only John Singletary signed the pleadings, he is the only listed Plaintiff in the case. Asad v. Arab Bank, PLC, 117 Fed. Appx. 466, 467 (7th Cir. Nov. 12, 2004)[Plaintiff who is not a lawyer may not represent the interests of any other litigant]; Myers v. Loudon Co. Pub. Sch., 418 F.3d 395, 401 (4th Cir. 2005)[a pro se person's right to litigate for oneself does not create a similar right to litigate on behalf of others].

1



As the Plaintiff is proceeding pro se, a Roseboro order was entered by the Court advising Plaintiff of the importance of a dispositive motion and of the need for him to file an adequate response. Plaintiff was specifically advised that if he failed to respond adequately, the Defendant's motion may be granted, thereby ending his case. After being granted extensions of time to file his response, Plaintiff filed "Objections" to the scheduling order on May 29, 2012, complaining that the scheduling order had not required a Rule 26(f) conference of the parties, as well as a response in opposition to the Defendant's motion to dismiss. The Defendant filed a reply memorandum on June 8, 2012.

Defendant's motion to dismiss for lack of prosecution is now before the Court for disposition.[2]

**Background**

A review of the docket in this case as well as the motions and other filings with the Court reveals that following the filing of a responsive pleading by the Defendant, a scheduling order was entered by the Court on June 7, 2011 setting a discovery deadline of October 7, 2011. Pursuant to Local Rule 16.00(B), D.S.C., the scheduling order did not include a Rule 26(f) conference requirement. See Court Docket No. 33. Plaintiff thereafter filed a notice of appeal and for an emergency stay, objecting to the United States Magistrate Judge reference in this case. See Court Docket No. 35. Plaintiff's appeal was dismissed by the Fourth Circuit Court of Appeals on October 3, 2011; see Court Docket No. 40-1; and Plaintiff's motion to vacate referral of this matter to a

---

[2]This case was automatically referred to the undersigned United States Magistrate Judge for all pretrial proceedings pursuant to the provisions of 28 U.S.C. § 636(b)(1)(A) and (B) and Local Rule 73.02(B)(2)(e), D.S.C. The Defendant has filed a motion to dismiss. As this is a dispositive motion, this Report and Recommendation is entered for review by the Court.



United States Magistrate Judge was denied by the presiding District Judge on October 7, 2011. See Court Docket No. 41.

Thereafter, the parties (including with the consent of the Plaintiff) filed a motion on December 6, 2011 to amend the scheduling order to reset the discovery deadline for March 16, 2012, mediation for May 31, 2012,³ and dispositive motions for April 16, 2012. See Court Docket No. 47. The Court entered the amended scheduling order on December 7, 2011. See Court Docket No. 48.

In its motion to dismiss for failure to prosecute, Defendant represents to the Court that it properly noticed Plaintiff's deposition on March 1, 2012, and that Plaintiff thereafter appeared at the required date and time on March 15, 2012. See Court Docket No. 57-1, p. 8 [Notice of Deposition]. However, Defendant further represents to the Court, and has submitted a transcript to confirm, that Plaintiff refused to sit for or participate in his deposition. See Court Docket No. 57-1, pp. 1-7. The transcript provided to the Court contains a statement from defense counsel as follows:

> Mr. Singletary has just left after our discussion with him about his position refusing to submit to a deposition today. He was offered the opportunity and declined to go on the record about any aspect of our disagreement.
>
> He has been pretty clear about refusing to submit to deposition on the grounds that he believes that we have never – that the parties have never followed Rule 26(f) procedures to confer about discovery deadlines.
>
> Our position, which we explained in detail to him, and which had been the subject of email exchanges with him, is that we believed the amended scheduling order, by consent, took us beyond the requirements of initial scheduling conferences

---

³The Defendant subsequently filed a motion to be relieved from mediation. *After* having waited for the response time on Defendant's motion to run, with no response in opposition being filed by the Plaintiff, the Court entered an order vacating the mediation requirement. See Court Docket Nos. 61, 62. However, Plaintiff has now filed a motion for reconsideration of the Order granting relief from mediation; see Court Docket No. 69; to which no opposition has been filed by the Defendant.

3



and discovery conferences and that we are currently up against final discovery deadlines.

We offered more than once to Mr. Singletary to have him give his deposition subject to, and preserving his objects, his procedural objections, to have him give the deposition. He declined those offers.

And we believe we have duly noticed his deposition and served Mr. Singletary with all necessary documentation in a timely fashion requiring him to give the deposition, and that we have done the same thing with his wife for a deposition today.

His wife has also not appeared, and we have no reason to believe she will appear today for a deposition since he is the actual party, pro se litigant, and is in charge of their procedural positions.

During our discussion with Mr. Singletary we made it clear that if he did not submit to his deposition today, that we would be moving to dismiss this case with prejudice. And he was well aware and understood our position.

See Court Docket No. 57-1.

In his response to the Defendant's motion, Plaintiff argues that the "purported deposition of March 15, 2012 was improvidently scheduled", was not in compliance with Rule 30(b) Fed.R.Civ.P., [4] and objects to "any forward movement until such time as the proper Rule 26(f) conference has been completed . . . ." See, Plaintiff's Opposition Memorandum. As attachments to his response in opposition, Plaintiff has submitted an affidavit in which he attests that no Rule 26(f) conference has ever taken place; a letter dated May 12, 2012 (or May 24, 2012, it is not clear) from Plaintiff to defense counsel discussing the fact that no Rule 26 (f) conference has taken place;

---

[4] Rule 30(b)(1) provides that: "A party who wants to depose a person by oral questions must give reasonable written notice to every other party. The notice must state the time and place of the deposition and, if known, the deponent's name and address. If the name is unknown, the notice must provide a general description sufficient to identify the person or the particular class or group to which the person belongs."

4



a copy of four hundred ten (410) requests for admissions that Plaintiff submitted in another case filed in this Court;[5] a copy of a series of the emails between Plaintiff and counsel for the Defendant concerning Plaintiff's deposition in which Plaintiff discusses, inter alia, the need for Rule 26(f) conference and that "there will be no depositions on that date only a meeting to discuss discovery", with defense counsel's response to Plaintiff that he is required to attend and participate in a deposition; and copies of two letters from Plaintiff to defense counsel dated May 25, 2012, one requesting a Rule 26(f) conference and one requesting Wells Fargo to preserve all documents relating to this litigation. See Court Docket No. 70-1.

**Discussion**

Rule 41(b), Fed.R.Civ.P., authorizes the Court to dismiss an action for failure to prosecute or for failure to comply with court orders, and "[t]here is no doubt that Federal Courts possess the inherent authority to dismiss a case with prejudice . . . " See Link v. Wabash Railroad Co., 370 U.S. 626, reh'g. denied, 371 U.S. 873 (1962); Chambers v. NASCO, Inc., 501 U.S. 32, 44 (1991); Martinez v. Johnson, 104 F.3d 769, 772 (5th Cir. 1997). Whether to dismiss under Rule 41(b) is a matter for the Court's discretion; see Davis v. Williams, 588 F.2d 69, 70 (4th Cir. 1978); and the Court of Appeals for the Fourth Circuit has developed a four-prong test to determine whether a Rule 41(b) dismissal is appropriate. The District Court must consider (1) the degree of personal responsibility of the Plaintiff; (2) the amount of prejudice caused the Defendant; (3) the existence of a "drawn-out history of deliberately proceeding in a dilatory fashion"; and (4) the existence of

---

[5]Singletary v. City of North Charleston, et al., Civil Action No. 2:09-1612. That case was dismissed on summary judgment, and is currently on appeal to the Fourth Circuit Court of Appeals. Aloe Creme Laboratories, Inc. v. Francine Co., 425 F.2d 1295, 1296 (5th Cir. 1970)[a federal court may take judicial notice of the contents of its own records].

5



sanctions less drastic than dismissal. Chandler Leasing Corp. v. Lopez, 669 F.2d 919, 920 (4th Cir. 1982); Tinsley v. Quick & Reilly, Inc., 216 F.R.D. 337, 338 (E.D.Va. 2001); Contreras v. NFN Pettiford, No. 05-3552, 2006 WL 2621866 (D.S.C. Sept. 11, 2006).

The record in this case shows that Plaintiff failed to attend and participate in his deposition and has failed to prosecute his case in accordance with the instructions set forth by the Court in the scheduling order entered in this case. Plaintiff is not entitled to refuse to participate in a deposition on the grounds that a Rule 26(f) conference has not been held, as no such conference has been required in this case. While the parties can themselves choose to have any number of conferences or meetings if they wish to (and indeed the record before this Court shows that Plaintiff and defense counsel have no problem communicating with each other), a formal Rule 26(f) conference has not been ordered by the Court. See Rule 16.00(B) and n. 8, D.S.C.; see also, Court Docket Nos. 33, 48. However, although it is clear that Plaintiff has refused to sit for a deposition, it is also clear in the materials submitted to this Court that Plaintiff has been participating in the litigation of this case, and of course the Defendant could have filed a motion to compel Plaintiff's attendance at a deposition and/or *either party* could have filed a motion with the Court to clarify whether it was required that a Rule 26(f) conference be held, since Plaintiff had made clear to the Defendant that he thought he was entitled to one.

Therefore, the undersigned cannot find that Plaintiff has, strictly speaking, failed to *participate* in the prosecution of this case, although he has certainly engaged in conduct which has *delayed* the prosecution of this case, to include not just a failure to sit for a deposition[6] but also

---

[6]The undersigned has reviewed the deposition notice provided to the Court; see Docket No.
(continued...)



6

through the filing of various motions for recusal and appeals. Defendant argues that this shows a "drawn-out history of deliberately proceeding in a dilatory fashion" by the Plaintiff, and it is a fact that this case has now been pending for over a year with (apparently) no discovery having been conducted or depositions taken. Further, the failure of Plaintiff and his wife to sit for depositions has certainly prejudiced the Defendant, although it also appears from the emails provided to the Court that the two individuals from Wachovia whom Plaintiff wishes to depose have also, at least to this point, not been made available for depositions (although the Defendant contends they have not been properly noticed for depositions).

In any event, based on the convoluted history of this case, but recognizing the fact that Plaintiff has been participating in the prosecution of this case, the undersigned does not find that dismissal based on Rule 41 is appropriate at this time. However, while the undersigned is mindful of the fact that Plaintiff is proceeding pro se, and that Federal Courts have historically treated pro se litigants with some degree of liberality, pro se litigants are not immune from any sanction by virtue of their status alone. See e.g. also Ballard v. Carlson, 882 F.2d 93, 95-96 (4th Cir. 1989), cert. denied sub nom., Ballard v. Volunteers of America, 493 U.S. 1084 (1990); Gantt v. Maryland Div. Of Correction, 894 F.Supp. 226 (D.Md. 1995), aff'd, 73 F.3d 357 (4th Cir. 1996). Therefore, as part of this Report and Recommendation, **the undersigned is placing Plaintiff on notice that no Rule 26(f) conference is required in this case, and that he must sit for and participate in his deposition, as must his wife, as well as comply with other discovery requests as required by the**

---

⁶(...continued)
57-1, p. 8; and can find nothing wrong with the notice Plaintiff was provided. See Rule 30(b), Fed.R.Civ.P.



**rules of this Court.** See generally, Rules 26-37, Fed.R.Civ.P.

In response to this Report and Recommendation, the parties should submit a proposed amended scheduling order providing for a reasonable extension of the discovery deadlines from the date of any order of the Court adopting this Report and Recommendation, in which all discovery in this case (including depositions) should be completed. **Plaintiff is advised that, upon entry of an amended scheduling order, any continued failure of the Plaintiff to participate in discovery, including a deposition, will result in a recommendation of dismissal of this case.**[7] Cf. Ballard, 882 F.2d at 95 [Magistrate judge's prior explicit warning that a recommendation of dismissal would result from Plaintiff failing to obey his order was proper grounds for the district court to dismiss suit when Plaintiff did not comply despite warning]; Lolatchy v. Arthur Murray, Inc., 816 F.2d 951, 954, n.2 (4th Cir. 1987) [noting that warning to parties was a "salient fact" that distinguished cases in which default judgment was appropriate sanction for discovery abuse under Rule 37]; see also Mutual Federal Savings and Loan Ass'n v. Richards & Associates, Inc., 872 F.2d 88, 92 (4th Cir. 1989).

**Conclusion**

Based on the foregoing, it is recommended that the Defendant's motion to dismiss pursuant to Rule 41, Fed.R.Civ.P., be **denied** at this time. If the Court adopts this recommendation, a new scheduling order should be entered providing for a reasonable extension of the discovery deadlines to complete all discovery in this case, including depositions, together with a new

---

[7]Rule 37(b)(2), Fed.R.Civ.P., provides that if a party fails to obey an order to provide or permit discovery, the Court in which the action is pending may make such orders in regard to such failure as are just, including dismissing the action.



dispositive motions deadline.

The parties are referred to the Notice Page attached hereto.

_____
Bristow Marchant
United States Magistrate Judge

June 20, 2012
Charleston, South Carolina



**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

Larry W. Propes, Clerk
United States District Court
Post Office Box 835
Charleston, South Carolina 29402

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).

