IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

2012 JUL 16  A 10: 00

| | |
|---|---|
| John G. Singletary, Jr., ) | Civil Action No.: 2:11-cv-484-RMG |
| Plaintiff, ) | |
| v. ) | **ORDER** |
| Wachovia Mortgage Corporation/Wells Fargo, its agents, servants, employees and others collectively and individually, ) | |
| Defendants. ) | |

Plaintiff, proceeding *pro se*, brings this action pursuant to the Fair Housing Act and various other federal and state laws. Pursuant to the provisions of 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2)(e) DSC, this matter was referred to the United States Magistrate Judge for all pretrial proceedings. On April 10, 2012, Defendants filed a motion to dismiss for lack of prosecution. (Dkt. No. 57). On May 29, 2012, Plaintiff filed a response in opposition (Dkt. No. 70), and on June 8, 2012, Defendants filed a reply (Dkt. No. 72). On June 20, 2012, the Magistrate Judge issued a Report and Recommendation recommending that Defendants' motion to dismiss be denied. (Dkt. No. 74).[1] On July 9, 2012, Plaintiff filed objections to the Report and Recommendation (Dkt. No. 77). Defendants did not file any objections to the Report and Recommendation, but Defendants did file a proposed scheduling order pursuant to the Magistrate Judge's instructions. (Dkt. No. 79). After considering the record, the relevant law,

---

[1] The Magistrate Judge also instructed the parties to submit a proposed scheduling order providing for a reasonable extension of the discovery deadline. (Dkt. No. 74 at 8).

1

and the Report and Recommendation, the Court adopts the Report and Recommendation as the order of this Court and denies Defendant's motion to dismiss.

## LAW/ANALYSIS

The Magistrate Judge only makes recommendations to this Court. The recommendations of the Magistrate Judge have no presumptive weight and the responsibility for making a final determination remains with this Court. *Mathews v. Weber*, 423 U.S. 261, 270-71 (1976). The Court is charged with making a *de novo* determination of those portions of the Report and Recommendation to which specific objection is made. Additionally, the Court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate." 28 U.S.C. § 636(b)(1). The Court may also "receive further evidence or recommit the matter to the magistrate with instructions." *Id.* In the absence of specific objections to the Report and Recommendation, the Court is not required to give any explanation for adopting the recommendation. *Camby v. Davis*, 718 F.2d 198 (4th Cir. 1983).

In their motion, Defendants ask this Court to dismiss Plaintiff's case pursuant to Federal Rule of Civil Procedure 41(b) based on Plaintiff's alleged failure to prosecute this action. Defendants argue that Plaintiff has unnecessarily delayed the prosecution of this action by filing frivolous motions and, more recently, by refusing to testify at his deposition. Whether to grant a motion to dismiss for failure to prosecute pursuant to Rule 41(b) is a matter for the Court's discretion. *See Davis v. Williams*, 588 F.2d 69, 70 (4th Cir. 1978). In deciding such a motion, the Court must consider the following four factors: "(1) the degree of personal responsibility of the plaintiff, (2) the amount of prejudice caused the defendant, (3) the existence of 'a drawn out history of deliberately proceeding in a dilatory fashion,' and (4) the existence of a sanction less drastic than dismissal." *Chandler Leasing Corp. v. Lopez*, 669 F.2d 919, 920 (4th Cir. 1982).

2

"A dismissal with prejudice is a harsh sanction which should not be invoked lightly in view of 'the sound public policy of deciding cases on their merits.'" *Davis*, 588 F.2d at 70 (quoting *Reizakis v. Loy*, 490 F.2d 1132, 1135 (4th Cir. 1974)).

The Court has reviewed the record, and the Court agrees with the Magistrate Judge's finding that dismissal is not appropriate in this case. The record shows that Plaintiff appeared at Defendants' counsel's office on May 15, 2012, but refused to participate in his deposition on the basis that the parties had not held a conference pursuant to Federal Rule of Civil Procedure 26(f). While Plaintiff had no right to refuse to participate in his deposition on this basis (as discussed below), Plaintiff has clearly participated in this litigation and has not engaged in any conduct which would warrant dismissing this case. As pointed out by the Magistrate Judge, either party could have filed a motion to clarify whether Plaintiff was required to participate in the deposition or whether a Rule 26(f) conference was required. Thus, the Court agrees with the Magistrate Judge that, in light of the factors set forth in *Davis* and the policy of deciding cases on the merits, Defendants' motion to dismiss for failure to prosecute must be denied.

Additionally, the Court reiterates that Plaintiff is not entitled to refuse to participate in discovery on the basis that a Rule 26(f) conference has not been held, because no such conference is required in this case. In his response to Defendants' motion, Plaintiff takes the position that, although Local Civil Rule 16.00(B) expressly provides that the Rule 26(f) conference requirement may be waived in actions where one party is proceeding *pro se*, this Local Civil Rule is invalid because it is inconsistent with the requirement in Federal Rule of Civil Procedure 26(f) that the parties hold such a conference. (Dkt. No. 70 at 5). Further, Plaintiff continues to take the position that a Rule 26(f) conference is required in his objections to the Report and Recommendation. (Dkt. No. 77). Plaintiff, however, ignores the language in

3

Rule 26(f)(1) which states that the parties shall confer as soon as practicable "[e]xcept in a proceeding exempted from initial disclosure under Rule 26(a)(1)(B) *or when the court orders otherwise.*" FED. R. CIV. P. 26(f)(1) (emphasis added). Thus, Local Civil Rule 16.00(B), which permits the Court to waive the Rule 26(f) conference requirement in actions where one party is proceeding *pro se*, is not inconsistent with the Federal Rules of Civil Procedure. Because the Magistrate Judge did not require a Rule 26(f) conference in his scheduling orders (*see* Dkt. Nos. 33 and 48), a Rule 26(f) conference is not required in this case. As explained by the Magistrate Judge, Plaintiff should be aware that his failure to obey the rules of discovery or the orders of the Magistrate Judge in the future may result in dismissal of his case.

## CONCLUSION

For the foregoing reasons, the Court adopts the Report and Recommendation as the order of this Court and denies Defendants' motion to dismiss for failure to prosecute.

**AND IT IS SO ORDERED.**

Richard Mark Gergel
United States District Court Judge

July 1⁄, 2012
Charleston, South Carolina

4